UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JESSICA LEWIS-MONEY, | Case No. 3:14-cv-261 |
| Plaintiff, | |
| vs. | |
| COMMISSIONER OF SOCAL SECURITY, | District Judge Walter H. Rice<br>Magistrate Judge Michael J. Newman |
| Defendant. | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS CASE BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR AN IMMEDIATE AWARD OF BENEFITS; AND (3) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and thus unentitled to Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 14), Plaintiff's reply (doc. 15), the administrative record (docs. 6, 7),[2] and the record as a whole.

I.

A. Procedural History

Plaintiff filed for SSI in June 2006. PageID 113-18. Plaintiff suffers from a number of impairments including, among others, an affective disorder and post-traumatic stress disorder. PageID 78.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After initial denials of her application, Plaintiff received a hearing before ALJ Amelia G. Lombardo on October 28, 2008. PageID 57-76. The ALJ issued a written decision on December 18, 2008 finding Plaintiff not disabled. PageID 42-53. The Appeals Council denied Plaintiff's request for review, and Plaintiff filed a complaint in this Court. PageID 35-37; *see Lewis-Money v. Commissioner of Soc. Sec.*, 3:10-cv-193 (S.D. Ohio 2011). On July 19, 2011, Judge Rose adopted Magistrate Judge Ovington's Report and Recommendation, vacated the Commissioner's non-disability finding -- based upon the ALJ's deficient analysis of medical source opinions -- and remanded the case to the Appeals Council. PageID 699-721. The Appeals Council directed the ALJ to offer Plaintiff the opportunity for a hearing and to issue a new decision. PageID 725.

On remand, Plaintiff received hearings before ALJ Lombardo on March 3, 2013 and November 8, 2013. PageID 607-60, 663-95. ALJ issued a written decision on May 1, 2014, again finding Plaintiff not disabled. PageID 581-95. Specifically, the ALJ's findings were as follows:

1. The claimant has not engaged in substantial gainful activity since June 6, 2006, the application date (20 CFR 416.971 *et seq.*);

2. The claimant has the following severe impairments: asthma[;] headaches[;] fibromyalgia; affective disorder; anxiety disorder; post-traumatic stress disorder; attention deficit disorder; alcohol abuse; and personality disorder (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ["RFC"] to perform light

>
> work as defined in 20 CFR 416.967(b),[3] with the following limitations: (1) unskilled work, as defined in the *Dictionary of Occupational Titles*; (2) low stress work, which in this case is defined as no assembly line production quotas, no fast paced work, only occasional contact with supervisors and co-workers, and no contact with the public[;] (3) and no exposure to extremes of heat or cold.
>
> 5. The claimant has no past relevant work (20 CFR 416.965).
>
> 6. The claimant was born [in] . . . 1986 and was 20 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 C.F.R. 416.963).
>
> 7. The claimant has a limited education and is able to communicate in English (20 C.F.R. 416.964).
>
> 8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 C.F.R. 416.968).
>
> 9. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. 416.969 and 416.969(a)).
>
> 6. The claimant has not been under a disability, as defined in the Social Security Act, since June 6, 2006, the date the application was filed (20 C.F.R. 416.920(g)).

PageID 583-95.

Plaintiff did not seek Appeals Council review of this second ALJ decision. *See* 20 C.F.R. § 416.1484(d) (in a case remanded by a Federal Court, "[i]f no exceptions are filed and the Appeals Council does not assume jurisdiction of [the] case, the decision of the [ALJ] becomes

---

[3] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 416.967. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 416.967(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 416.967(a).

the final decision of the Commissioner after remand"). Plaintiff now timely appeals the ALJ's May 2014 decision. *See id*; *see also* 20 C.F.R. § 416.1484(c).

### B. Evidence of Record

In her decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 583-93. Plaintiff, in her Statement of Errors, also summarizes the evidence, and incorporates the evidentiary summary from Judge Ovington's 2011 Report and Recommendation. Doc. 11 at PageID 1528-34; PageID 700-08. The Commissioner's response to Plaintiff's Statement of Errors refers the Court to the ALJ's recitation of relevant evidence and offers no objections to Plaintiff's summary of relevant facts. Doc. 14 at PageID 1554. Accordingly, except as otherwise noted in this Report and Recommendation, the undersigned incorporates the ALJ's recitation of evidence as well as Plaintiff's undisputed summary of the evidentiary record. Where applicable, the Court will identify the medical evidence relevant to this decision.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. §§ 405(g), 1383(c)(3); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if

substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To qualify for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 1382c(a)(3)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are "medically determinable"; expected to result in death or which have lasted or can be expected to last for a continuous period of not less than twelve months; and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful work" that is available in the regional or national economies. *Id*. §§ 1382c(a)(3)(A), (B).

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001).  A claimant bears the ultimate burden of establishing that he or she is disabled under the Social Security Act's definition.  *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

Plaintiff focuses only on the ALJ's analysis of her mental impairments.  Doc. 11 at PageID 1534-45.  In that regard, Plaintiff argues that the ALJ erred by failing to properly: (1) weigh the medical opinion evidence; and (2) assess her credibility.  *See id*.  The undersigned finds that the ALJ erroneously weighed the medical opinion evidence and, therefore, reversal of the non-disability finding is warranted.

In challenging the ALJ's weighing of medical source opinions, Plaintiff specifically points to the ALJ's analysis of opinions submitted by: (1) her treating psychiatrists Kaplpana Vishnupad, M.D. and Virginia Matheson, M.D.; (2) treating physician Yamini Teegala, M.D.; (3) examining psychologist George Schultz, Ph.D.; (4) therapist Maggie Daily, LSW; and (5) Medical Expert ("ME") Mary Buban, Psy.D.  *Id.*

"[T]he Commissioner's regulations establish a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). Treating physicians and psychologists top the hierarchy. *Id.* "Next in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Id.* "[N]on-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

"An ALJ is required to give controlling weight to 'a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s)' if the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *LaRiccia v. Comm'r of Soc. Sec.,* 549 F. App'x 377, 385 (6th Cir. 2013) (citation omitted) (alterations in original). This requirement is known as the "treating physician" rule. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation omitted). Greater deference is given to treating source opinions "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.9227(c)(2); *see also Blakley*, 581 F.3d at 406. Thus, an ALJ must give controlling weight to a treating source if the ALJ finds the treating physician's opinion well-supported by medically acceptable evidence and not inconsistent with other substantial evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Closely associated with the treating physician rule is the "good reasons rule," which "require[s] the ALJ to always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion." *Blakley*, 581 F.3d at 406-07. "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id.*

Thus, when the ALJ declines to give controlling weight to a treating physician's assessment, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Id*. at 406; *see also* 20 C.F.R. § 416.927(c).[4] In addition, unless the opinion of the treating source is entitled to controlling weight, an ALJ must "evaluate all medical opinions according to [these] factors, regardless of their source[.]" *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

An ALJ is not required to accept a physician's conclusion that his or her patient is "unemployable." Whether a person is disabled within the meaning of the Social Security Act is an issue reserved to the Commissioner, and a treating physician's opinion -- that his or her patient is disabled -- is not "give[n] any special significance." 20 C.F.R. § 416.927; *see Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (stating that "[t]he determination of

---

[4] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12 CV 3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 416.927. *Id*.

disability is ultimately the prerogative of the Commissioner, not the treating physician"). However, "[t]here remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference." *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009).

Here, Plaintiff's treating psychiatrists, treating physician, and longtime therapist[5] all consistently provided opinions regarding Plaintiff's mental impairments that would support a finding of disability. Therapist Dailey opined in November 2005 that Plaintiff is "markedly" or "extremely" impaired[6] in a number of mental health functional areas. PageID 455-56. Plaintiff's treating psychiatrist Dr. Vishnupad opined -- on three separate occasions, *i.e.,* in February 2006, March 2007, and April 2007 -- that Plaintiff is "markedly" or "extremely" impaired in the areas of sustained concentration and persistence; social interaction; and adaptation. PageID 419-22, 437-54. In July 2008, Plaintiff's treating physician, Dr. Teegala, opined that Plaintiff is "markedly" or "extremely" impaired in the same mental health functional areas as did Dr. Vishnupad. PageID 493-94. In July 2013 -- in response to the ALJ's request for a mental health medical source statement -- treating psychiatrist Dr. Matheson opined that Plaintiff is "markedly" or "extremely" impaired in her ability to understand, remember, and carry out

---

[5] Plaintiff saw therapist Dailey -- a licensed social worker -- from September 2005 through October 2006, then again beginning in April 2007. PageID 702. Under the Social Security Regulations, Daily is not considered an "acceptable medical source," and, instead, is considered an "other source." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997); *see also* 20 C.F.R. § 416.913(d)(1); *Robinson v. Comm'r of Soc. Sec.*, No. 2:14-cv-1682, 2015 WL 1928671 (S.D. Ohio Apr. 28, 2015) (stating that "a licensed social worker . . . is categorized as an 'other source,' rather than an 'acceptable medical source'"). "Other source" opinions must be considered by an ALJ in determining disability status. *See* SSR 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006). In so doing, an ALJ "should explain the weight given to [such] opinions . . . or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *Id*.

[6] Whereas "moderate" functional limitations are "non-disabling," *see Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 (6th Cir. 2011), "marked" and "extreme" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.00(C) *et seq.*

instructions; and interact appropriately with supervisors, co-workers, and the public. PageID 851-53, 1423-26.

The ALJ rejected all of the foregoing opinions in favor of non-examining ME Dr. Buban's testimony at the administrative hearing. PageID 588-90. Dr. Buban found Plaintiff able to perform simple, repetitive tasks that do not involve fast-paced work or strict production quotas; and limited Plaintiff to jobs that do not involve interaction with the public or teamwork. PageID 590. The undersigned finds error in the weight accorded Dr. Buban's opinion, as well as the ALJ's explanation in that regard.

In weighing opinions of non-treating sources, Social Security regulations require the ALJ to apply the same level of scrutiny as afforded to treating source opinions. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 379 (6th Cir 2013). "A more rigorous scrutiny of the treating-source opinion than the nontreating and nonexamining opinions is precisely the inverse of the analysis that the regulation[s] require[]." *Id.* Simply restating a non-treating source's opinion and offering a conclusory assessment, without further discussion, fails to satisfy the requirement that the ALJ provide meaningful explanation of the weight given to all the medical opinion evidence. *See* 20 C.F.R. § 416.927(c); *see also Aytch v. Comm'r of Soc.*, No. 3:13-cv-135, 2014 WL 4080075, at *5-6 (S.D. Ohio Aug. 19, 2014).

In comparison to the lengthy critique of treating psychiatrists' Drs. Vishnupad and Matheson's opinions, PageID 588-90, the ALJ conducted a brief, conclusory analysis in weighing the opinion of Dr. Buban, a non-treating, non-examining source. PageID 590. Specifically, the ALJ merely summarized Dr. Buban's opinion and gave it "significant weight, as it supported by the overall weight of the evidence." *Id.* The ALJ provided no substantive explanation regarding the requisite 20 C.F.R. § 416.927(c) factors, which largely weigh against

affording Dr. Buban's opinion significant weight. *See* 20 C.F.R. §§ 416.927(c)(1), (2), (4). This perfunctory analysis is especially troubling because the consistent opinions of three treating sources -- spanning a period of over seven years -- suggest Plaintiff is disabled. *See id.* at § 416.927(c)(4) ("the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion").[7]

The undersigned finds further reversible error in the ALJ's failure to mention Plaintiff's treating physician Dr. Teegala or weigh her opinion -- that Plaintiff's mental impairments result in disabling limitations. PageID 493-94, 552-54; *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 747 (6th Cir. 2007) (holding that a complete failure to mention a treating source's opinion is grounds for a remand); *cf. Wilson,* 378 F.3d at 547 (failure to mention a treating physician's opinion may be harmless "if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion").

## IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the

---

[7] The undersigned also finds error in the ALJ's analysis of examining psychologist Dr. Schultz's opinion. In analyzing his opinion, the ALJ stated only that "[t]he recommendations of Dr. Schultz, an examining source, has been afforded weight to the extent that it is consistent with the [RFC]." PageID 591. This conclusory analysis constitutes error for the reasons outlined above in regard to Dr. Buban's opinion. *See supra.*

presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

In this case, proof of disability is strong, while opposing evidence is lacking in substance. As fully described herein, there are five opinions regarding Plaintiff's inability to work from three treating sources -- as well as a consistent opinion from therapist Daily -- and, together, they establish Plaintiff's entitlement to benefits. PageID 419-22, 437-54, 455-56, 493-94, 1423-26; *see Pickett v. Astrue*, No. 3:10-cv-177, 2011 WL 1626559, at *5 (S.D. Ohio Apr. 28, 2011) (citing *Lashley v. Sec'y of Health and Human Servs.*, 708 F.2d 1048, 1054 (6th Cir.1983) ("it is clearly established law that the opinion of a non-treating 'one-shot' consultative physician or of a medical advisor cannot constitute substantial evidence to overcome the properly supported opinion of a physician who has treated a claimant over a period of years"). The undersigned is disinclined to remand in light of the three administrative hearings Plaintiff has already received -- indicating that sufficient fact-finding has taken place -- and because it would further delay this case, filed over nine years ago. Further, the undersigned believes remand would be futile in light of the ALJ's analysis of the medical source opinions evidencing many of the same errors that caused Judge Ovington to recommend remand in 2011. *See* PageID 715-20.[8] Accordingly, because no factual issues remain and the record demonstrates Plaintiff's entitlement to benefits, remand for an immediate award of benefits need occur.

---

[8] For example, Judge Ovington specifically found Dr. Vishnupad's three opinions deserving of significant weight due to the nature and extent of the treatment relationship, Dr. Vishnupad's specialization as a psychiatrist, and the consistency of the opinions with other record evidence -- including Dr. Vishnupad's treatment notes, Dr. Schulz's conclusions, and therapist Dailey's progress notes and opinion. PageID 717-18. Nevertheless, in her 2014 decision, the ALJ again rejected Dr. Vishnupad's opinions, based on a purported inconsistency with the treatment notes, and never discussed the above-mentioned 20 C.F.R. § 416.927(c) factors weighing in favor of according the opinions significant, if not controlling, weight. *See* PageID 588-89.

## V.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner for an immediate award of benefits; and

3. This case be **CLOSED**.


Date:  July 21, 2015                             *s/ Michael J. Newman*  
                                                 Michael J. Newman  
                                                 United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).