IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


JESSICA LEWIS-MONEY,                         :

            Plaintiff,               :     Case No. 3:14cv261

    vs.                                    :     JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY,     :

           Defendant.               :

═══════════════════════════════════════════════════════════════

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF
UNITED STATES MAGISTRATE JUDGE (DOC. #16) IN THEIR ENTIRETY;
DEFENDANT'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #17)
OVERRULED; JUDGMENT TO BE ENTERED IN PLAINTIFF AND AGAINST
DEFENDANT COMMISSIONER, REVERSING COMMISSIONER'S DECISION
THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED
TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE
CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER FOR AN
IMMEDIATE AWARD OF BENEFITS; TERMINATION ENTRY

═══════════════════════════════════════════════════════════════

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the

Defendant Commissioner denying Plaintiff's application for Social Security disability benefits.

On July 21, 2015, the United States Magistrate Judge filed a Report and Recommendations (Doc.

#16), recommending that the Commissioner's decision that Plaintiff was not disabled and,

therefore, not entitled to benefits under the Social Security Act be reversed, and that the captioned

cause be remanded to the Defendant Commissioner for an immediate award of benefits.  Based

upon reasoning and citations of authority set forth in the Magistrate Judge's Report and

Recommendations (Doc. #16), as well as upon a thorough de novo review of this Court's file,

including the Administrative Transcript (Doc. #6 and #7), a review of the pertinent part of the record in Case No. C-3-10-193 (a matter in which Judge Thomas M. Rose adopted Chief Magistrate Judge Sharon Ovington's Report and Recommendation, vacated the Commissioner's non-disability finding, based upon the Administrative Law Judge's deficient analysis of medical source opinions, and remanded the case to the Defendant for further administrative proceedings), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was <u>not</u> supported by substantial evidence.  The Defendant's Objections to said judicial filing (Doc. #17) are overruled.  Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act is reversed, and the matter remanded to the Defendant Commissioner for the immediate payment of benefits.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g).  Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a <u>de novo</u> review of those recommendations of the report to which objection is made.  This <u>de novo</u> review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." <u>Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983); <u>Gibson v. Secretary of Health, Education and Welfare</u>, 678 F.2d 653, 654 (6th Cir. 1982).  This Court's sole

function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the

-3-

Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.  Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001).  If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion.  Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.     In this matter, proof of disability is strong while opposing evidence is lacking in substance, all essential factual issues have been resolved and the record adequately establishes Plaintiff's entitlement to benefits.  Accordingly, a remand for the immediate payment of benefits is warranted.  Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994).

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #16) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence.  Defendant's Objections to said judicial filing (Doc. #17) are overruled.  Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, reversing the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits

-4-

under the Social Security Act, and remanding this matter to the Defendant Commissioner for an

immediate payment of benefits under the Social Security Act.


The captioned cause is hereby ordered terminated upon the docket records of the United

States District Court for the Southern District of Ohio, Western Division, at Dayton.



September 28, 2015                              _____
                                                       WALTER H. RICE, JUDGE
                                               UNITED STATES DISTRICT COURT


Copies to:

Counsel of record